Filed 1/8/26  PG&E v. McColm CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Trinity)

----

| | |
|---|---|
| PACIFIC GAS AND ELECTRIC COMPANY, <br><br> Plaintiff, Cross-defendant and Respondent, <br><br> v. <br><br> PATRICIA A. MCCOLM, <br><br> Defendant, Cross-complainant and Appellant. | C102038 <br><br> (Super. Ct. No. 10CV065) |

This appeal arises from a post-judgment order awarding $2,391.09 in costs on appeal to plaintiff Pacific Gas and Electric Company (PG&E).  Defendant Patricia A. McColm (McColm), proceeding in propria persona, argues that the trial court committed numerous errors in denying her motion to strike or tax costs.  We conclude that McColm's contentions either are forfeited on appeal or lack merit.  Therefore, we affirm.

PROCEDURAL BACKGROUND

PG&E filed this action seeking a prescriptive easement across McColm's property, an injunction to prevent interference with the easement, and damages.  (*Pacific Gas &*

1

*Electric Co. v. McColm* (May 31, 2023, No. C080984) [2023 Cal. App. Unpub. LEXIS 3205, at p. *1].)  McColm filed a cross-complaint alleging claims for quiet title, injunctive relief, breach of contract, and trespass.  (*Ibid*.)  After a bench trial, the trial court granted judgment in favor of PG&E and against McColm.  (*Ibid*.)  McColm appealed, and we affirmed.  (*Ibid*.)  We awarded PG&E its costs on appeal.  (*Ibid*.)  Our remittitur was issued on September 13, 2023.

In June 2023, before the remittitur issued, PG&E filed a costs memorandum, seeking $2,391.09 for costs incurred on appeal.  McColm filed a motion to strike the memorandum as prematurely filed before issuance of the remittitur.  (Cal. Rules of Court, rule 8.278(c).)  In response, on September 26, 2023, PG&E filed an amended costs memorandum, seeking the same $2,391.09 in costs as the first memorandum.

On October 16, 2023, McColm filed a motion to strike or tax the cost bill, arguing that (1) the amended memorandum was void because it was tied to the premature initial memorandum; and (2) PG&E failed to show the claimed costs were reasonably incurred and necessary to the conduct of the litigation.  PG&E opposed the motion, arguing that the amended costs memorandum was timely and that all the costs claimed were proper, reasonable in amount, and necessarily incurred.  McColm filed a declaration and a supplemental declaration in reply.

On October 19, 2023, the Honorable Margaret Johnson (retired judge of the Santa Clara County Superior Court assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.) was assigned to sit as a Trinity County Superior Court judge for the purpose of hearing the post-trial motion.

After a series of continuances, the motion to strike or tax costs was heard on May 20, 2024.  Judge Johnson and PG&E's counsel appeared remotely via videoconference (Zoom).  McColm, in propria persona, appeared in person.  After hearing argument, the court announced that it would deny the motion to strike or tax.  The court ordered PG&E to prepare a formal order for the court's signature.

On May 28, 2024, before entry of any formal order, McColm filed a written request to disqualify Judge Johnson under Code of Civil Procedure section 170.1.[1] McColm asserted that the judge was biased against her because the judge rejected her disability accommodation requests, exhibited a demeanor of "disdain and disbelief," and denied McColm's motion to strike or tax.

On June 7, 2024, the trial court entered a formal, signed order denying the motion to strike or tax costs and awarding PG&E its requested costs. That same day, Judge Johnson filed a response to McColm's request for disqualification.

On June 26, 2024, McColm filed a motion for reconsideration, or in the alternative, a motion to vacate the order and renew the motion to strike or /tax costs (hereafter, the motion for reconsideration). The motion was denied on August 7, 2024.

On July 1, 2024, the Honorable Larence M. Killoran (a judge from Humboldt County Superior Court) was assigned to sit as a Trinity County Superior Court judge for the purpose of hearing McColm's request for the disqualification of Judge Johnson. On July 22, 2024, Judge Killoran denied the disqualification motion, finding "no merit" to McColm's position that Judge Johnson was biased.

On September 5, 2024, McColm filed a notice of appeal from the order denying her motion to strike or tax costs.[2]

DISCUSSION

McColm makes a number of arguments about why the order denying her motion to strike or tax costs should be reversed. She asserts the trial court erred by (1) requiring her to participate in a videoconference hearing without her consent, in violation of section 367.75; (2) entering the order on the motion before her request for disqualification was

---

[1]     Undesignated section references are to the Code of Civil Procedure.

[2]     The notice of appeal also purports to appeal from the order denying the motion for reconsideration, which is not a separately appealable order. (§ 1008, subd. (g).)

3

decided; (3) failing to adequately accommodate her disabilities; (4) deferring her complaints about accommodations until after the hearing on the motion; (5) ignoring or disregarding her pleadings; (6) allowing the recovery of unreasonable or unnecessary costs; and (7) failing to entertain oral argument on her motion for reconsideration.

PG&E responds that McColm's arguments are not adequately supported by citations to the record, citations to relevant legal authority, or developed legal analysis, and therefore should be deemed forfeited on appeal. Except for the contention regarding section 367.75, we agree that McColm forfeited her contentions by failing to support them with reasoned argument and authority.

One of the most fundamental rules of appellate practice is that the order or judgment appealed from is presumed correct, and all intendments and presumptions are indulged in favor of its correctness. (*City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 286.) To overcome this presumption, the appellant must affirmatively demonstrate error. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) "This means that an appellant must do more than assert error and leave it to the appellate court to search the record and the law books to test his claim." (*Yield Dynamics, Inc. v. TEA Systems Corp.* (2007) 154 Cal.App.4th 547, 557; *Menges v. Department of Transportation* (2020) 59 Cal.App.5th 13, 27.) The appellant must supply the reviewing court with a cogent argument supported by legal authorities and citations to the relevant portions of the record. (*City of Santa Maria,* at pp. 286-287.) Otherwise, the argument may be deemed forfeited. (*Ibid.*; *Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 655.)

McColm's briefing falls far short of this burden on appeal. In general, her opening brief consists of a collection of conclusory assertions of error, presented in a cursory fashion, without any meaningful legal discussion or analysis. As we have explained, this is insufficient. Because a trial court's order or judgment is presumed to be correct, error must be affirmatively shown with reasoned argument and citations to authority. (*Yield Dynamics, Inc. v. TEA Systems Corp., supra,* 154 Cal.App.4th at pp. 556-557; accord, *In*

4

*re S.C.* (2006) 138 Cal.App.4th 396, 408; *Osgood v. Landon* (2005) 127 Cal.App.4th 425, 435.) "It is not our place to construct theories or arguments to undermine the judgment and defeat the presumption of correctness." (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852; accord, *In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830.) McColm has failed to meet this standard, and therefore most of her contentions have been forfeited on appeal.[3] (*Ibid*.)

The lone exception, which we find sufficiently developed to be cognizable, is McColm's argument that the trial court violated section 367.75, subdivision (g), by requiring her to participate in the videoconference hearing without her consent. We conclude this claim either lacks merit or constitutes harmless error.

Section 367.75, subdivision (g), provides that "[a] self-represented party may appear remotely in a conference, hearing, or proceeding conducted through the use of remote technology only if they agree to do so." By its terms, this section only applies when a self-represented party "appear[s] remotely." Here, McColm did not appear remotely; she attended the hearing in person. Thus, the section in question did not strictly apply to her situation. (Cf. § 367.75, subd. (f) ["If the court permits an appearance through remote technology, the court must ensure that technology in the courtroom enables all parties, whether appearing remotely or in person, to fully participate in the conference, hearing, or proceeding."])

We acknowledge that the judicial officer presided remotely from a location outside the court facility. However, even if we were to conclude that this arrangement violated section 367.75, subdivision (g), we would find the error to be harmless. The record shows that McColm was able to effectively understand and meaningfully participate in

---

[3] We are sympathetic to the fact that McColm is representing herself, but her status as a self-represented litigant does not exempt her from the rules of appellate procedure or relieve her of the burden to present an intelligible argument supported by the record and relevant legal authority. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.)

the hearing despite the use of remote technology.  It is not reasonably probable that a result more favorable to McColm would have been reached had the judge been physically present in the courtroom.  (See *People v. Whitmore* (2022) 80 Cal.App.5th 116, 128; see also *In re V.L.* (2020) 54 Cal.App.5th 147, 159 [we will not reverse an order unless we conclude it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error].)  Accordingly, we reject McColm's claim based on section 367.75.

DISPOSITION

The post-judgment order denying the motion to strike or tax costs and awarding PG&E $2,391.09 in costs is affirmed.  PG&E shall recover its costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1), (2).)


      \s\
      Krause, J.



We concur:


   \s\
Duarte, Acting P. J.



   \s\
Boulware Eurie, J.